UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOAQUIN GENERAL HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>FARZANA SHEIKH,<br><br>Defendant. | No. 2:14-cv-1509 MCE AC PS<br><br><br><br>ORDER |

On June 25, 2014, this action was removed by defendant Farzana Sheikh from the San Joaquin County Superior Court. Following removal, plaintiff San Joaquin General Hospital filed a motion to remand, which is set for hearing on September 10, 2014 before the undersigned. Shortly after plaintiff filed its motion, two documents were filed purportedly on behalf of defendant Farzana Sheikh, but prepared and submitted by Rehan Sheikh using the Court's electronic filing system. These documents are a First Amended Complaint and a Motion for Declaratory Relief on Possession of the Mobile Home. ECF Nos. 5, 6. Farzana Sheikh did not sign or file either of these documents, and there is nothing on the docket to evidence that this pro se defendant was granted leave to utilize the court's electronic case management filing system. See E.D. Local Rules 133(b)(2), 183(c).

Generally, in federal court, a plaintiff may appear in propria persona or may be represented by a licensed attorney. See 28 U.S.C. §1654; E.D. Local Rule 183. This duty may

1

not be delegated "to any other individual, including husband or wife, or any other party on the same side appearing without an attorney." E.D. Local Rule 183(a). Here, examination of California's database of attorneys licensed to practice law in this state does not include an entry for "Rehan Sheikh." This individual does not contend that he is an attorney, and a non-attorney has no authority to appear on behalf of anyone but himself. See Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se . . . is personal to the litigant and does not extend to other parties or entities." (citation omitted)).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's August 9, 2014 First Amended Complaint (ECF No. 5) is stricken;
2. Defendant's August 9, 2014 Motion for Declaratory Relief (ECF No. 6) is denied; and
3. Defendant is not permitted to utilize the court's electronic filing system until granted leave to do so.

DATED: August 13, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE