**FILED**

AUG 18 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Farzana Sheikh, MD, In Pro Per

Prepared and Submitted by;
Rehan Sheikh
1219 W. El Monte Street
Stockton, California 95207
Phone: (209) 475.1263
rehansheikh@yahoo.com

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| SAN JOAQUIN GENERAL HOSPITAL, a division of the County of San Joaquin<br><br>Petitioner,<br><br>v.<br><br>Farzana Sheikh, M.D.<br><br>Respondent | CASE NO: 2:14 – CV – 1509 MCE AC PS<br><br>& Linked to<br><br>Case 2:10 – CV- 00213 FCD-GGH<br><br>**SECOND AMENDED**<br><br>**NOTICE OF REMOVAL OF PETITION**<br><br>**UNDER 28 U.S.C. § 1441 (B)** |

To the CLERK OF THE ABOVE –ENTITLED COURT;

PLEASE TAKE NOTICE THAT Respondent Farzana Sheikh, MD (referred herein as Dr. Sheikh) hereby removes the above referenced petition from County of San Joaquin Superior Court to the United States Court for the Eastern District of California based on the following facts:

First Amended Notice of Removal of Petition – County of San Joaquin v. Farzana Sheikh, MD

1. On or around May 17, 2010, County of San Joaquin and San Joaquin General Hospital (County Hospital) (referred herein as Petitioners) took possession of Dr. Sheikh[1]'s cottage/Mobile Home[2],[3] that was located on the County Hospital. Several cars and trucks from the Sheriff's office arrived, and changed the locks.

   a. Since May 2010, the Petitioners, County Sheriff and/or County of San Joaquin and/or San Joaquin General Hospital have possession of that Cottage.

   b. Neither there was any Notice of hearing from the San Joaquin County Superior Court nor there was any hearing, yet the County of San Joaquin could easily manage to get a Writ of Execution and Judgment. On or around June 25, 2014, upon request, the County Counsel sent an electronic copy of the "*Issued Writ of Execution and Judgment*" dated May 2010 and stated; "*Those documents required you to vacate the County property*".

   c. In a previous Petition before this Court, the issue of eviction by the County of San Joaquin was also documented (Farzana Sheikh MD v Medical Board of California, 2:10 – CV- 00213 FCD-GGH, Docket# 45).

   d. Just before the County caused to issue the Writ for Execution for Eviction, Dr. Sheikh had submitted a Motion in this Court to Compel County of San Joaquin's compliance with the Judge's discovery orders, Docket# 33).

2. On or around February 7, 2014 the County sent a demand letter to Dr. Sheikh to authorize the County to destroy the cottage or remove the cottage by March 15, 2014.

---

[1] Dr. Sheikh completed Medical Residency training from the San Joaquin County Hospital.

[2] Doctor's Mobile Homes are referred as Cottages in the Hospital.

[3] Several Resident Physicians maintained possession of their Cottages for years after completion of their Residency training without objection from the County.

    a. The letter from the County Counsel was postmarked on Mar 19, 2014. The letter included pictures of Dr. Sheikh's damaged cottage.

    b. The letter revealed that the cottage was independently inspected by San Joaquin County Environmental Health Department and was determined to be uninhabitable.

    c. In that letter the County informed Dr. Sheikh, *"You are the **owner** of a mobile home"*.

3. The damage to the cottage was disturbing as Dr. Sheikh had renovated that cottage during her Residency training. Out of 20 or so doctor's cottages at the County Hospital, Dr. Sheikh's cottage was in remarkably good condition. On or around April 28, 2014, Mr. Sheikh wrote an email note to the County Counsel and requested to preserve the evidence so that the ***damage*** to the property can be assessed. Mr. Sheikh also wrote the County Counsel to mutually discuss the issue[4].

4. On or around May 5, 2014 the County sent another demand letter to Mr. Sheikh.

5. On or around May 27, 2014 the Petitioners initiated this Petition for Judgment of Abandonment in the County of San Joaquin Superior Court. County of San Joaquin's Petition in the County Court is based on the **assumption** *that the County of San Joaquin does not have the possession of the property* even though County took possession of that property in May 2010.

    a. County's disguised Petition in the County Court only serves to conceal County's possession, and damage to Dr. Sheikh's property.

6. Respondent, Dr. Sheikh timely removes this petition to the United States District Court, Eastern District of California in Sacramento.

---

[4] A few years ago, Dr. Sheikh had retained services of a law firm to represent her but the County of San Joaquin retained services of that law firm for the San Joaquin General Hospital.

7. [FIRST] This action is removable to this Court as the issues raised in this Petition are **inextricably intertwined** with another Petition that was previously addressed in this Court; [Farzana Sheikh M.D. v Medical Board of California (2:10-cv-00213)].

8. [SECOND] County of San Joaquin has privileged access to San Joaquin County Superior Court mandating removal to this Court.

9. [THIRD] This action is also removable to the Federal Court pursuant to 28 U.S.C. §§ 1331 and 1441. In the Petition, the County claims that "Petitioner has been damaged in the amount of $15,255". The County of San Joaquin (Petitioner) has improperly withheld Dr. Sheikh's Flexible Spending Account (FSA) and ERISA benefits amounting more than $2000 since 2008 (Exhibit - Benefits Check).

   a. At one time, the County wrote a letter to Dr. Sheikh claiming that County cannot send check to Dr. Sheikh because County does not have Dr. Sheikh's Mailbox; that letter was addressed to Dr. Sheikh's mailbox. On few other occasions, County invited Dr. Sheikh to collect the check but when Dr. Sheikh contacted it denied to release check. There is no independent confirmation whether the County issued any check at all.

   b. The County of San Joaquin would use those ERISA benefits to offset any judgment that the County seeks from this Petition. Accordingly this Petition is for wrongful denial of ERISA benefits and involves administration of ERISA.

   c. This petition is also removable to the Court, pursuant to the complete preemption doctrine without regard to the well-pleaded complaint rule. Metropolitan Life Ins. Co. V. Taylor, 481 U.S. 58 (1987).

10. [FOURTH] Value of Mobile Home, possessions, hotel costs and rental costs well exceed $75,000. The value of associated damages significantly exceeds $75,000.

11. [FIFTH] This matter is appropriately set before an Article III Judge. The issues presented in this Petition involve Dr. Sheikh's Constitutional and Civil Rights. Petitioners took possession of Respondent's property without Due Process of Law. Now Petitioners submit 'artfully pleading' to take possession of the same property that they already took. Petitioners' Notices of Eviction and eviction proceedings revolve around Respondents' Civil Rights complaints and wrongful denial of her Physicians' license.

## I. JURISDICTION

12. This Court has original Jurisdiction of ERISA sections under 29 U.S.C. § 1132(E). Removal jurisdiction exists pursuant to 28 U.S.C. § 1441(b).

13. The case presents federal question arising under 42. U.S.C. § 1983; The Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

14. Venue is proper in this Court as defendants maintain offices within Jurisdiction of this Court. Pursuant to 28 U.S.C. § 1446(a) this action is properly assigned to the Sacramento Division.

Respectfully Submitted;

Date:  August 14, 2014

Farzana Sheikh, M. D.
Respondent

# Rehan Sheikh

Email: rehansheikh@yahoo.com; Phone (209) 475.1263;

---

Date: August 14, 2014

Office of the Clerk,

United States District court

Eastern District of California


**Ref:**     San Joaquin General Hospital v Farzana sheikh MD

2:14 – CV – 1509 MCE AC PS


Dear Clerk,

Enclosed are documents for filing with the above referenced case. As discussed with Ms. Becky.


Respectfully Submitted,

Rehan Sheikh