FILED
SEP 18 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

Farzana Sheikh, MD, In Pro Per

Rehan Sheikh
1219 W. El Monte Street
Stockton, California 95207
Phone: (209) 475.1263
rehansheikh@yahoo.com

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| SAN JOAQUIN GENERAL HOSPITAL, a division of the County of San Joaquin<br><br>Petitioner,<br><br>v.<br><br>Farzana Sheikh, M.D.<br><br>Respondent | CASE NO: 2:14 – CV – 1509 MCE AC PS<br><br>& Linked to<br><br>Case 2:10 – CV- 00213 FCD-GGH<br><br>RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO REMAND |

Respondent hereby submits this Memorandum of Points and Authorities in opposition to Petitioner's Motion to Remand. Respondent incorporates her Notice of Removal. Respondent also submitted a Motion for Declaratory Relief that would determine possession of the Mobile Home.

## A. Petitioners took possession of Respondents Mobile Home without Due Process of Law

1. On or around May 19, 2010, County of San Joaquin and San Joaquin General Hospital (County Hospital) (referred herein as Petitioners) took possession of Respondent's[1] cottage/Mobile Home[2],[3] that was located on the County Hospital. Several cars and trucks from the Sheriff's office arrived, and changed the locks. Since May 2010, the Petitioners, County Sheriff and/or County of San Joaquin and/or San Joaquin General Hospital have possession of that Cottage.

2. The petitioners or the County Court did not send any <u>Notice of hearing</u> in the County Court yet the County of San Joaquin could easily manage to get a Writ of Execution and Judgment. On or around June 25, 2014, upon request, the County Counsel sent an electronic copy of the "*Issued Writ of Execution and Judgment*" dated May 2010 and stated; "*Those documents required you to vacate the County property*". The petitioners took possession of Respondents property[4] <u>without any hearing</u> in San Joaquin County Court. Such a process resulted in deprivation of Respondents property without due process of law. Such as process resulted in violation Respondents Constitutional Rights, including but not limited to, Fourteenth Amendment of the Constitution of the United States. The United States Judges are authorized to grant hearing on such fundamental issues.

---

[1] Respondent completed Medical Residency training from the San Joaquin County Hospital.
[2] Doctor's Mobile Homes are referred as Cottages in the Hospital.
[3] Several Resident Physicians maintained possession of their Cottages for years after completion of their Residency training without objection from the County.
[4] Every man's home is his castle.

## B. ERISA Preemption requires Removal to the federal Court

3. This action is also removable to the Federal Court pursuant to 28 U.S.C. §§ 1331 and 1441. This petition is also removable to the Court, pursuant to the complete preemption doctrine without regard to the well-pleaded complaint rule. Metropolitan Life Ins. Co. V. Taylor, 481 U.S. 58 (1987). Petitioners continue to withhold Petitioner ERISA benefits.

4. In order to determine whether petitioners are engaging in **artful pleading**, the court is permitted to examine the entire record. *Tortola Restaurants v. Kimberly- Clark Corp.*, 987 F. Supp. 1186, 1188 (N.D. Cal. 1997) (Illston, J.). In this case, the entire record includes not only this petition but also proceedings revolving Respondents Physician's license. Petitioners initiate this petition to **again** take possession of the Mobile Home after they had already taken possession of the same Mobile Home since May 2010.

## C. Petitioners' Notices of Removal and Eviction Proceedings revolved around Respondents Civil Rights Complaint(s)

5. San Joaquin General Hospital shared some secret documentation with California Medical Board and the Medical Board denied Respondents physicians license. In or around early May 2009, Respondents requested Petitioner Hospital for a copy of her file so that could pursue her physician's license with California Medical Board. In response Petitioners sent her a Notice of Eviction. In or around January 2010, Respondent filed a Petition with the Eastern District of California for issuance of her Physicians license. In response, the County Hospital initiated Eviction proceedings. The Courts has given great weight to timings and approximate proximity of events in issues involving Civil Rights.

6. All of above referenced proceedings are **inextricably intertwined** with another Petition that was previously addressed in this Court; [Farzana Sheikh M.D. v Medical Board of California (2:10-cv-00213)]. The issues presented in this Petition involve Dr. Sheikh's Constitutional and Civil Rights. Petitioners' Notices of Eviction and eviction proceedings revolve around Respondents' Civil Rights complaints and wrongful denial of her Physicians' license.

7. **Value** of Mobile Home, possessions, hotel costs and rental costs well **exceed $75,000**. The value of associated damages significantly exceeds $75,000.

**D. Prayer**

8. This matter is appropriately set before an Article III Judge and Petitioners Motion for Remand be dismissed.

Respectfully Submitted;

Date: September 10, 2014

Farzana Sheikh, M. D.
Respondent