UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOAQUIN GENERAL HOSPITAL, | No. 2:14-cv-1509-MCE-AC-PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| FARANZA SHEIKH, | |
| Defendant. | |

On September 10, 2014, the court held a hearing on plaintiff's August 1, 2014, motion to remand. James Mark Myles appeared on behalf of plaintiff San Joaquin General Hospital. Defendant Faranza Sheikh appeared in pro per. On review of the motions, the documents filed in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 2007, defendant entered into a rental agreement with San Joaquin County Health Care Services ("HCS"), in which she agreed to rent a mobile home pad located on the grounds of the San Joaquin General Hospital from July 1, 2007 to June 30, 2008. ECF No. 1 at 34–36. According to plaintiff, the terms of the lease agreement between plaintiff and defendant stated that at the end of defendant's residency with San Joaquin General Hospital she was required to vacate the premises and either (1) sell the mobile home, or (2) if she was unable to sell

1

the mobile home, remove it from the mobile home park. Id. at 29.  Nevertheless, when defendant's residency ended she refused to vacate the premises until she was evicted in May 2010.  ECF No. 4-3 at 2.  After plaintiff evicted defendant, it requested that defendant remove her mobile home or give the County the authority to remove and destroy it.  ECF No. 4-4.  Defendant refused to comply with either of the County's requests and on May 27, 2014, plaintiff filed a petition for judgment of abandonment in San Joaquin County Superior Court seeking an order allowing plaintiff to enter the mobile home and damages in the amount of $15,266.  ECF No.1 at 31.

On June 25, 2014, defendant then filed a notice of removal, articulating the grounds for removal as follows:

> 7. [FIRST] This action is removable to this Court as the issues raised in this Petition are **inextricably intertwined** with another Petition that was previously addressed in this Court; [Farzana Sheikh M.D. v. Medical Board of California (2:10-cv-00213)].
> 8. [SECOND] County of San Joaquin has privileged access to San Joaquin County Superior Court mandating removal to this Court.
> 9. [THIRD] This action is also removable to the Federal Court pursuant to 28 U.S.C. §§ 1331 and 1441. In the Petition, the County claims that "Petitioner has been damaged in the amount fo $15,255". The County of San Joaquin (Petitioner) has improperly withheld Dr. Sheikh's Flexible Spending Account (FSA) and ERISA benefits amounting more than $2000 since 2008 (Exhibit – Benefits Check).
>   a. At one time, the County wrote a letter to Dr. Sheikh claiming that County cannot send check to Dr. Sheikh because county does not have Dr. Sheikh's Mailbox; that letter was addressed to Dr. Sheikh's mailbox. On few other occasions, County invited Dr. Sheikh to collect the check but when Dr. Sheikh contacted it denied to release check. There is no independent confirmation whether the County issued any check at all.
>   b. The County of San Joaquin would use those ERISA benefits to offset any judgment that the County seeks from this Petition. Accordingly this Petition is for wrongful denial of ERISA benefits and involves administration of ERISA
>   c. This petition is also removable to the Court, pursuant to the complete preemption doctrine without regard to the well-pleaded complaint rule. Metropolitan Life Ins. Co. V. Taylor, 481 U.S. 58 (1987).
> **I. JURISDICTION**
> 10. This Court has original Jurisdiction of ERISA sections under 29 U.S.C. § 1132(E). Removal jurisdiction exists pursuant to 28 U.S.C. § 1441(b).
> The case presents federal question arising under 42 U.S.C. §

2

1983; The Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

ECF No. 1 at 4-5.

On August 1, 2014, plaintiff filed a motion to remand, arguing that defendant's notice of removal identifies no cognizable basis for federal jurisdiction in this matter. ECF No. 4-1. First, plaintiff argues that the matter's relationship to other cases before this court does not create a basis for federal jurisdiction. Id. at 4. Second, plaintiff argues that this is not an ERISA matter, and even if it were plaintiff's cause of action does not relate to ERISA's civil enforcement provisions. Id. at 5-7. On August 9, 2014, Rehan Sheikh electronically filed a first amended notice of removal and motion for declaratory relief on defendant's behalf. ECF No. 5, 6. On August 11, 2014, plaintiff filed a motion to strike both of defendant's motions, arguing that Rehan Sheikh was not qualified to prepare court documents for defendant because he is neither a party to the action nor a practicing attorney in California. ECF No. 7. On August 13, 2014, the court granted plaintiff's motion to strike based on the fact that defendant had electronically submitted her motions without first obtaining leave from the court. ECF No. 10.

On August 13, 2014, defendant filed a motion for electronic filing access. ECF No. 9. On August 18, 2014, defendant filed an amended notice of removal and a motion for declaratory relief. ECF No. 11, 12. Defendant's amended notice of removal substantially restated her initial notice of removal, adding only the following:

> 10. [FOURTH] Value of Mobile Home, possessions, hotel costs and rental costs well exceed $75,000. The value of associated damages significantly exceeds $75,000.
> 11. [FIFTH] This matter is appropriately set before an Article III Judge. The issues presented in this Petition involve Dr. Sheik's Constitutional and Civil Rights. Petitioners took possession of Respondent's property without Due Process of Law. Now Petitioners submit 'artfully pleading' to take possession of the same property that they already took. Petitioners' Notices of Eviction and eviction proceedings revolve around Respondents' Civil Rights complaints and wrongful denial of her Physicians' license.

ECF No. 11. On August 25, 2014, plaintiff filed a statement of non-opposition to defendant's motion for electronic filing access. ECF No. 13. Plaintiff then filed a reply to defendant's

3

amended notice of removal, in case the court decided to treat it as an opposition. ECF No. 14 at 2. In its reply, plaintiff argued that the court should not consider plaintiff's amended notice of removal because (1) it is insufficient as an opposition; (2) it was filed without the leave of the court; and (3) it attempts to add a new basis for the exercise of federal jurisdiction. ECF No. 14 at 3, 5, 6.

On September 8, 2014, defendant filed a second amended motion for declaratory relief and a motion to file a third amended notice of removal along with her third amended notice of removal. ECF No. 16, 17. Defendant's third amended notice of removal repeats the arguments in her amended notice of removal. ECF No. 16-1. On September 10, 2014, defendant filed an opposition to plaintiff's motion to remand. ECF No. 18.[1]

## LEGAL STANDARDS

A defendant can remove to federal court any civil action over which the district courts have original jurisdiction. 28 U.S.C. § 1441(a).

The district courts have original jurisdiction over civil actions between citizens of different states if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The parties must be completely diverse, and "'[a] defendant attempting to remove a diversity case must show by a preponderance of the evidence that the amount-in-controversy requirement is satisfied.'" Johnson v. Am. Online, Inc., 280 F. Supp. 2d 1018, 1024 (N.D. Cal. 2003) (citing Gibson v. Chrysler Corp., 261 F.3d 927, 933 (9th Cir. 2001)). Parties that are completely diverse include: "citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state, . . . (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332.

District courts also have original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "[t]he

---

[1] The court will not address defendant's opposition because the local rules do not authorize, and the court did not request, further briefing after the hearing on the motion. See L.R. 230. The court notes however, that consideration of defendant's opposition would not change its analysis because the opposition does not present new grounds for federal jurisdiction. See ECF No. 18.

4

presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California, 463 U.S. 1, 14 (1983).

Finally, "[t]he party seeking removal has the burden of establishing federal jurisdiction." O'Halloran v. Univ. of Washington, 856 F.2d 1375, 1380 (9th Cir. 1998) (citing Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 (9th Cir. 1988)). In addition, courts will strictly construe notices of removal against federal jurisdiction. Id. When a federal court determines that a case has been improperly removed, "[it] must remand the action because it has no subject-matter jurisdiction to decide the case." ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000).

## DISCUSSION

I. Defendant's Asserted Grounds For Federal Jurisdiction

A. Amended Notice of Removal

The court finds that plaintiff's amended notice of removal was filed improperly because it was filed without the court's approval. Defendants must file a notice of removal "within thirty days after being served with the complaint." Smiley v. Citibank (S. Dakota), N.A., 863 F. Supp. 1156, 1158 (C.D. Cal. 1993) (citing 28 U.S.C. § 1446(b)). Defendants may freely amend their notice of removal during that thirty day period, but must petition the court for permission to amend once the period has lapsed. Fed. R. Civ. P. 15(a). Defendant's amended notice of removal was filed more than 30 days after plaintiff's initial pleading. ECF No. 1 at 31; ECF No. 11. Nevertheless, defendant failed to obtain the court's approval to file an amended notice of removal. Accordingly, defendant's amended notice of removal was filed improperly.

The court also declines to consider defendant's amended notice of removal as an opposition to plaintiff's motion to remand. The Supreme Court has directed federal trial courts to

read pro se papers liberally. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam). "However, in construing pro se petitions liberally, the petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor." Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citing McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974)). Defendant's amended notice of removal is neither properly titled, nor does it respond to any of the issues raised in plaintiff's motion to remand. Except for two additional paragraphs, defendant's amended notice of removal mirrors her initial notice of removal exactly. Accordingly, the court declines to consider defendant's amended notice of removal as an opposition because there is no indication that defendant intended it to be considered as one.

Regardless, the court will address the arguments raised by defendant in her amended notice of removal and third amended notice of removal in recognition of the liberal pleading standard afforded pro se litigants. Hughes, 449 U.S. at 9.[2] All these matters were discussed at hearing on the motion.

### B. Relationship to Other Federal Matter

Defendant asserts that this court has jurisdiction over plaintiff's claim because the matter is "inextricably intertwined" with another matter previously before this court, Farzana Sheikh M.D. v. Medical Board of California, 2:10-cv-00213.[3] ECF No. 1 at 4. The determination of whether federal courts have original jurisdiction is determined based on the allegations in the initial pleading. Caterpillar Inc., 482 U.S. at 392. This matter's relationship to other matters is therefore irrelevant to a determination of whether this court has jurisdiction over plaintiff's claims. Accordingly, the court finds that this matter's relationship with Faranza Sheikh, M.D. is not a proper basis for removal.

---

[2] Defendant argues that the court may not consider defendant's amended notice of removal because it attempts to add a new basis for the exercise of federal jurisdiction. ECF No. 14. However, defendant's amended notice of removal does not add a new basis for the exercise of federal jurisdiction, it merely adds allegations supporting defendant's previous assertions of diversity and federal question jurisdiction. See ECF No. 1 ¶¶ 9–10; ECF No. 11.

[3] In this lawsuit, plaintiff (defendant here) challenged the denial of a medical license. The case was dismissed on August 23, 2010, and the Ninth Circuit affirmed the judgment.

6

### B. State Court Bias

Defendant also argues that this matter has been properly removed because the "County of San Joaquin has privileged access to San Joaquin County Superior Court." ECF No. 1 at 4. Defendant has not pointed to any legal authority for the proposition that federal courts have jurisdiction over cases in which a county is a party, nor has she plead any facts establishing bias on behalf of the San Joaquin County Superior Court. Accordingly, the court finds that plaintiff's alleged privileged access to the San Joaquin County Superior Court is not a proper basis for removal.

### C. Federal Question

Defendant asserts federal question jurisdiction based on her contention that the County will have to offset any judgment against her with FSA and ERISA benefits that they have wrongfully withheld. Defendant argues that removal of this matter is proper pursuant to the complete preemption doctrine. Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 65–67 (1987). According to the complete preemption doctrine, a state-law claim that falls within the scope of the civil enforcement provisions in Section 502(a) of ERISA, 29 U.S.C. § 1132(a), is deemed to be a federal claim subject to removal. Id. The doctrine does not apply here. Plaintiff's claim is a petition for judgment of abandonment and does not involve the civil enforcement provisions of Section 502(a). ECF No. 1 at 28–31. Accordingly, the claim would not be preempted by ERISA. The fact that defendant claims to be entitled to more than $2,000 from her FSA and ERISA benefits does not make removal proper. ECF No. 1 at 4.

Defendant also argues in her amended notice of removal that federal question jurisdiction exists because she was deprived of her property without due process of law. Plaintiff's claim does not involve allegations of due process violations. To the extent if any that defendant's due process theory might constitute a defense, it cannot support removal. A case cannot be removed simply because a defendant raises a federal defense. Franchise Tax Bd. of California, 463 U.S. at 14. Because plaintiff's initial pleading does not include a claim that arises under federal law, this court lacks federal question jurisdiction and the matter is not removable under § 1331.

////

D. Diversity of Citizenship

Defendant also claims the court has diversity jurisdiction over this matter. In her amended notice of removal, defendant alleges that the value of the mobile home, "possessions," and hotel and rental costs exceed $75,000. ECF No. 11. However, even assuming without deciding that defendant has satisfied the amount in controversy requirement, removal would not be proper because plaintiff is a division of the County of San Joaquin and defendant is a resident of Stockton, California. ECF No. 1 at 1. The court does not have diversity jurisdiction because the parties are not diverse.

II. Motion to File Third Amended Notice of Removal

Defendant seeks the court's permission to file a third amended notice of removal. Rule 15(a) requires courts to give leave to amend freely when justice so requires. However, as defendant confirmed at the court's September 10, 2014, hearing, her third amended notice of removal mirrors her amended notice of removal exactly. Accordingly, the court will deny defendant's motion to file third amended notice of removal because it is entirely duplicative of her amended notice of removal.

III. Other Motions

Because this court lacks jurisdiction and remand is necessary, the court need not address defendant's motion for electronic filing access or motions for declaratory relief. These are moot.

CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that

1. Defendant's September 8, 2014, motion to file third amended notice of removal (ECF No. 16) be denied; and
2. Defendant's August 13, 2014, motion for electronic filing access (ECF No. 9) be denied as moot.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's August 1, 2014, motion to remand (ECF No. 4) be granted;
2. Defendant's August 18, 2014, motion for declaratory relief (ECF No. 12) be denied as moot; and

3. Defendant's September 8, 2014, second amended motion for declaratory relief (ECF No. 17) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 12, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE