Farzana Sheikh, MD, In Pro Per

Rehan Sheikh
1219 W. El Monte Street
Stockton, California 95207
Phone: (209) 475.1263
rehansheikh@yahoo.com

**FILED**

SEP 29 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| SAN JOAQUIN GENERAL HOSPITAL, a division of the County of San Joaquin<br><br>Petitioner,<br><br>v.<br><br>Farzana Sheikh, M.D.<br><br>Respondent | **CASE NO: 2:14 – CV – 1509 MCE AC PS**<br>**& Linked to**<br>**Case 2:10 – CV- 00213 FCD-GGH**<br><br>**OBJECTIONS TO MAJISTRATE JUDGE'S FINDINGS AND RECOMMEDNDATIONS**<br><br><br>Chief Judge Hon. Morrison C. England Jr. |

1. Respondent submits this Memorandum and objections to Magistrate Judge's Findings and Recommendations, in opposition to defendants Motion to Remand.

2. The Court overlooked to consider two FIRST Amended Notice(s) of Removal (first electronically submitted & signed; second personally signed and submitted at the Clerks office). The Court also overlooked Second and Third Amended Notice(s) of Removal. In order to remove objections, Respondents hereby submits Fourth Amended Notice of Removal and a Motion for leave of the Court to submit Fourth Amended Notice of Removal.

## I. JURISDICTION

3. This Court has original Jurisdiction of ERISA sections under 29 U.S.C. § 1132(E). Removal jurisdiction exists pursuant to 28 U.S.C. § 1441(b). This Court has Civil Rights Jurisdiction under 28 U.S.C. § 1443. Removal Jurisdiction exists pursuant to 28 U.S.C. § 1343. The case presents federal question arising under 42. U.S.C. § 1983. Removal Jurisdiction exists pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332 and 28 U.S.C. § 1343.

## II. POINTS AND AUTHORITIES

### A. The Court is Requested to grant Ms. Sheikh's Motion for E-Filing

4. Ms. Sheikh's Motion for access to E-filing was submitted a while ago. Since then the Court addressed other Motions but overlooked to grant her access to electronically submit documents. Ms. Sheikh has encountered difficulties in submitting documents to the Court for lack of Access to E-filing.

5. Because of lack of access to E-filing, Ms. Sheikh submitted her First Amended Notice via her

husband's account. The Court did not accept that electronically submitted First Amended Notice of Removal. Then Ms. Sheikh personally submitted a signed copy of her First Amended Notice of Removal to the clerk's office (on or around August 13, 2014). The Court mistakenly considered that a duplicate Notice of Removal and noted (Docket #8)

> "In addition to the motion for e-filing access, defendant also submitted duplicative copies of the previously filed 5 First Amended Notice of Removal and 6 Motion for declaratory Relief. These duplicative documents will not be filed in the case."

6. Ms. Sheikh's opposition that was mailed to Court was not entered in the Court's records. On or around September 10, 2014, the Court held a hearing and submitted additional copies of her opposition to the County Hospital's Motion to Remand and amended Notice of Removal so that the Court could grant consideration.

7. Ms. Sheikh can avoid unnecessary difficulty by electronically submitting documents. Ms. Sheikh will be able to use the E-filing regardless the outcome of this Motion for Remand. This Court is electronic filing district and prefers to electronically receive documents. This Court is requested to grant her Motion. This will not incur any cost to the Court and will save cost to both the parties.

**B. This is proper for the Court to exercise Personal Jurisdiction**

8. There are several important considerations for the Court to exercise Personal Jurisdiction. The County Hospital does business with the United State and is recipient of numerous grants and reimbursements.

9. This complaint is **inextricably intertwined** with another Petition that was previously addressed in this Court; [Farzana Sheikh M.D. v Medical Board of California (2:10-cv-00213)].

10. County Hospital's pleas to remand the matter to the Court of its choice; San Joaquin County Superior Court and to deprive Ms. Sheikh of her Right to the federal forum. Exercising personal Jurisdiction will not result in any sense of unfairness and the County Hospital will have a fair opportunity to litigate the matter. The District Court can exercise personal jurisdiction over the County Hospital without any injury to the County Hospital. The essence of substantive due process is that it must not be *fundamentally unfair* for the court to exercise personal jurisdiction over the County Hospital. This Court has personal Jurisdiction and Ms. Sheikh urges the Court to apply the Ninth Circuit's personal jurisdiction analysis set forth in *Myers v. Bennett Law Offices,* 238 F.3d 1068 (9th Cir.2001).

11. In determining whether exercise of specific personal jurisdiction is reasonable, court considers seven factors: (1) the extent of defendant's purposeful interjection into the forum state's affairs; (2) the burden on defendant of defending in the forum; (3) the extent of conflict with the sovereignty of defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Menken v Emm 503 F.3d 1050 (9th Cir. 2007)

*An analysis of the above referenced factors will overwhelming convince the Court to exercise its Jurisdiction on this complaint and dismiss County Hospital's Motion to Remand.*

12. In the matters involving Ms. Sheikh and her family, the Court repeatedly demonstrated defective procedures and issued orders without any hearing and without any Notice of hearing. For example;

    a. In or around 2010 the County Hospital filed a Petition in the County Court and the

County Court issued a Writ without any hearing and without any Notice of hearing.

 b. Ms. Sheikh's husband is without Driving License and after he filed a complaint in this Court (Sheikh v Kelly; 2014), he was informed that the County Court issued warrant for his arrest in 2012 allegedly for not appearing in the County Court. That warrant was issued without any Notice of Hearing. Mr. Sheikh had appeared in the County Court on a number of occasions.

*The Remand of this matter to the County Court could be burdensome for Ms. Sheikh considering the ineffective procedures of the County Court.*

13. To establish personal jurisdiction, the plaintiff must show that the law of the forum state confers jurisdiction, and that its exercise would not be inconsistent with federal due process. Cal.Civ.Pro.Code § 410.10 (West 1973), provides that the court "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." This statute confers jurisdiction that is coextensive with federal due process. *See Scott,* 792 F.2d at 927; *Haisten,* 784 F.2d at 1396. A court may exercise personal jurisdiction over a defendant consistent with due process only if he or she has "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). We construe effects test to impose three requirements: "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *! Inc.,* 433 F.3d at 1206.

### C. ERISA Preemption requires Removal to the federal Court

14. This action is also removable to the Federal Court pursuant to 28 U.S.C. §§ 1331 and 1441. This petition is also removable to the Court, pursuant to the complete preemption doctrine without regard to the well-pleaded complaint rule. Metropolitan Life Ins. Co. V. Taylor, 481 U.S. 58 (1987). Petitioners continue to withhold Petitioner ERISA benefits.

15. The County Hospital does not dispute that it improperly denied ERISA benefits to defendant. The County Hospital continues to deny ERISA benefits. Dr. Sheikh would her ERISA benefits if the case is remanded to the state court.

### D. Artful Pleading Doctrine Mandates the Court to Examine Entire Record

16. In order to determine whether petitioners are engaging in **artful pleading**, the court is permitted to examine the entire record. *Tortola Restaurants v. Kimberly- Clark Corp.*, 987 F. Supp. 1186, 1188 (N.D. Cal. 1997) (Illston, J.). In this case, the entire record includes not only this petition but also proceedings revolving Respondents Physician's license. Petitioners initiate this petition to **again** take possession of the Mobile Home after they had already taken possession of the same Mobile Home since May 2010.

17. A plaintiff cannot avoid federal jurisdiction by "artfully" pleading his or her complaint to conceal the true nature of an action that actually asserts a federal claim under ERISA. Clorox Company v. U.S. U.S. District Court for Northern District of California. "The artful pleading' doctrine allows the removing court to look to the true nature of the plaintiff's complaint when the plaintiff attempted to avoid a federal cause of action by relying solely on state law in the complaint." Lyster v. First Nationwide ank Financial Corp., 829 F.Supp. 1163, 1167 (N.D. Cal.

1993) (citing Garibaldi v Lucky Food Stores, Inc., 726 F2.d 1367 (9th Cir. 1984).

As stated in Hyles v. Mensing, 849 F.2d 1213 (9th Cir. 1988):

> Plaintiffs may not avoid removal by "artfully pleading" their claims to omit references to preemptive federal law. Paige v. Henry J. Kaiser Co., 826 F.2d 857, 860 (9th Cir.1987)☐. Even if the plaintiff's complaint does not refer to federal law, the case may be removed if federal law preempts completely the state law on which it relies and "supplants" the state claim with a federal claim. Young v Anthouny's Fish Grottos, Inc., 830 F.2d 993.

*"The court may examine the entire record to determine if the real nature of [a] claim is federal, notwithstanding the plaintiff's characterization to the contrary, when the plaintiff has, by 'artful pleading', attempted to defeat defendant's right to a federal forum."* Totola Resturants v. Kimberly-Clark Corp., 987 F.Suppp. 1186 (N.D. Cal. 1997). Thus, it is proper to look outside the four corners of plaintiff's complaint "to clarify the action which plaintiff presents and to determine if it encompasses an action within federal jurisdiction." Schroeder v. Trans World Airlines, Inc. 720 F.2d 189 (9 th Cir. 1983); Olquin v Inspiration Consol. Copper Co., 740 F.2d 1468 (9th Cir. 1984).

Plaintiff's complaint is entirely focused on seeking money from defendant and to permanently deny ERISA benefits. Plaintiff artfully pleads and claims abandonment of defendants Mobile Home. Plaintiff knew that it 'produced' a Writ of Execution and subsequently took possession of defendants Mobile Home in or around May 2010.

Plaintiff's Claims Seeking Damages Fall within ERISA'S Civil Enforcement Provisions. Section 502(a) of ERISA, 29 U.S.C. 1132(a), sets for the the statue's civil enforcement provisions.

18. This Court is authorized to review plaintiff's original pleadings. In its original complaint/

petition, the County Hospital seeks the following relief;

    1. A judgment of abandonment of the mobile home described above

    2. For an order permitting petitioner to enter the mobile home described above

    3. Damages in the amount of $15,266

All of the petitioner's contentions fail in entirety. The County Hospital produced an order from the County Court; County Sheriff evicted defendant from the property and took possession of the Mobile Home. Another independent County agency named San Joaquin County Environmental Health Department entered the mobile home without any authorization from Ms. Sheikh. The County Hospital brings this complaint to permanently deny ERISA benefits that the county hospital owes to Dr. Sheikh.

### E. Plaintiff's Claims are completely Preempted by ERISA

19. An artfully pleaded state law claim may be "re-characterized" as a federal claim by the district court to which it is removed based upon the "complete preemption" doctrine which recognized that "Congress may so completely preempt a particular area that any civil complaints raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987). The "complete preemption" doctrine provides that the preemptive force of certain federal statues such as ERISA is so powerful that it "converts an ordinary state law complaint into one stating a federal claim for purpose of the well pleaded complaint rule." Caterpillar Inc. v Williams, 482 U.S. 386 (1987). In other words the preemptive force of the statue is such that it leaves no room for, and displaces, any state law cause of action, leaving room only for a federal claim, and "[O]nce an area of state law has been completely pre-empted, any claim purportedly based on that preempted state law is considered from its inception, a

federal claim and therefore arises under federal law". Milne Employees Association v. Sun Carriers, Inc. 960 F.2d 1401 (9th Cir. 1991).

**F. ERISA Section 514(a) Preempts State Law Claims Seeking Damages**

20. Section 514(a) of ERISA, 29 U.S.C. §1144(A) the ERISA statue on state law. It provides that "this chapter [ERISA] shall supersede any and all stat laws insofar as they may no or hereafter relate to any employment benefit plan." A state law "relates to" a benefit plan if it has "a connection with or reference to" the plan, Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724 (1985). The County Hospital's claim seeking damages relate to plaintiff's ERISA benefits that the County Hospital has wrongfully denied. For all the above, this action mandates that this Court to exercise its jurisdiction on ERISA benefits and also exercise supplementary jurisdiction on state law claims if there are any.

**G. Ms. Sheikh seeks a Court order mandating the County Hospital to Release her ERISA Benefits**

21. This is undisputed that the County Hospital owes ERISA benefits to Ms. Sheikh since 2008. Then the County sent electronic message to Dr. Sheikh to pick up the check (See Exhibits) but the Hospital did not release the check to her. In the beginning the hospital did not mail that check to Dr. Sheikh when it was due in 2008.

22. The County Hospital had a duty to reimburse those benefits to Dr. Sheikh and the hospital never sent those benefits to her. The County Hospital had many opportunities to issue that check to Ms. Sheikh yet, it continues deny those ERISA benefits. Payment of ERISA plan benefits fall within the civil enforcement of ERISA and this Court is authorized to issue such an order.

Respondent seeks an order from the Court mandating the County Hospital to issue her ERISA benefits.

### H. The County Hospital took possession of Doctor's Mobile Home without Due Process of Law

23. On or around May 19, 2010, County of San Joaquin and San Joaquin General Hospital (County Hospital) (referred herein as Petitioners) took possession of Respondent's[1] cottage/Mobile Home[2],[3] that was located on the County Hospital. Several cars and trucks from the Sheriff's office arrived, and changed the locks. Since May 2010, the Petitioners, County Sheriff and/or County of San Joaquin and/or San Joaquin General Hospital have possession of that Cottage.

24. The petitioners or the County Court did not send any <u>Notice of hearing</u> in the County Court yet the County of San Joaquin could easily manage to get a Writ of Execution and Judgment. On or around June 25, 2014, upon request, the County Counsel sent an electronic copy of the "*Issued Writ of Execution and Judgment*" dated May 2010 and stated; "*Those documents required you to vacate the County property*". The petitioners took possession of Respondents property[4] <u>without any hearing</u> in San Joaquin County Court. Such a process resulted in deprivation of Respondents property without due process of law. Such as process resulted in violation Respondents Constitutional Rights, including but not limited to, Fourteenth Amendment of the

---

[1] Respondent completed Medical Residency training from the San Joaquin County Hospital.

[2] Doctor's Mobile Homes are referred as Cottages in the Hospital.

[3] Several Resident Physicians maintained possession of their Cottages for years after completion of their Residency training without objection from the County.

[4] Every man's home is his castle.

Constitution of the United States. The United States Judges are authorized to grant hearing on such fundamental issues.

25. This matter involves plaintiff's property that was taken from her without due process of law. As the Courts have recognized that the primary responsibility of the Government is to protect life, liberty and property. Plaintiff, the County Hospital took possession of plaintiff's property without due process of law. For all the factors in this complaint and in the entire record, this complaint mandates this Court to exercise its Civil Rights Jurisdiction.

26. **Value** of Mobile Home, possessions, hotel costs and rental costs well **exceed $75,000**. The value of associated damages significantly exceeds $75,000.

## I. Hospital's Notices of Removal and Eviction Proceedings revolved around Doctor's Civil Rights Complaint(s)

27. San Joaquin General Hospital shared some secret documentation with California Medical Board and the Medical Board denied Respondents physicians license. The defendant doctor filed a Civil Rights complaint with the federal Civil Rights Agency, Equal Employment Opportunity Commission (EEOC) but the County Hospital refused to timely cooperate with the EEOC. In or around early May 2009, Respondents requested Petitioner Hospital for a copy of her file so that could pursue her physician's license with California Medical Board. In response Petitioners sent her a Notice of Eviction. Defendants will prove in this Court, after Jurisdictional discovery, that there was no other reason for the County Hospital to serve an eviction Notice to defendant.

28. In or around January 2010, Dr. Sheikh filed a Petition with the Eastern District of California for issuance of her Physicians license. She also submitted a Motion to Compel in this Court

mandating County Hospital's compliance with the Judge's discovery orders, defendants sent County Sheriff who took possession of the mobile home.

29. The Courts has given great weight to timings and approximate proximity of events in issues involving Civil Rights. The issues presented in this Petition involve Dr. Sheikh's Constitutional and Civil Rights. Petitioners' Notices of Eviction and eviction proceedings revolve around Respondents' Civil Rights complaints and wrongful denial of her Physicians' license.

### J. Plaintiff is entitled to Jurisdictional Discovery

30. Plaintiff is entitled to Jurisdictional Discovery to demonstrate its assertions and invoke Jurisdiction of this Court.

### K. Statement of Cases in Eastern District of California

Plaintiff and plaintiff's spouse are parties in the following cases;

1) Rehan Sheikh v Brian Kelly (DMV)
   Case Number: 2: 14 – CV – 751   GEB - AC

2) San Joaquin (County) General Hospital v Farzana Sheikh, MD
   Case Number: 2:14 – CV – 1509 MCE - AC

3) Farzana Sheikh MD v Medical Board of California
   Case Number: 2:10 – CV – 213 – FCD - GGH

## L. Prayer

31. This matter is appropriately set before an Article III Judge and Petitioners Motion for Remand be dismissed.

32. Ms. Sheikh seeks Declaratory Relief from the Court that the County Hospital took possession of her Mobile Home in or around May 2010.

33. Ms. Sheikh seeks an order from the Judge mandating the County Hospital to release plaintiff's ERISA benefits that it had withheld since 2008.

Respectfully Submitted;

Date:   September 28, 2014

_____
Farzana Sheikh, M. D.
Respondent

# Exhibit

# Benefits Check

| | |
|---|---|
| **Subject:** | RE: Request for documents. |
| **From:** | Elaine Hatch [SJGH] (ehatch@sjgh.org) |
| **To:** | rehansheikh@yahoo.com; |
| **Cc:** | jroyer@sjgh.org; rzuniga@sjgh.org; aeshoo@sjgov.org; |
| **Date:** | Thursday, July 2, 2009 6:25 PM |

Dr. Farzana Sheikh,

Hello. I stopped by yesterday to deliver a check in the amount of $2,000. I believe this is related to your flex 125 refund. This check can be picked up from my office. I will be out of the office on Friday, July 3rd, but I will be in all day on Monday, July 6, 2009. Would you please come by and see me in Administration at San Joaquin General Hospital, or call 468-6600 and let me know when it is convenient for you to stop by? Thanks.

Elaine Hatch
Deputy Director
San Joaquin General Hospital
209-468-6600


--- On **Mon, 5/11/09, Elaine Hatch [SJGH]** <*ehatch@sjgh.org*> wrote:

> From: Elaine Hatch [SJGH] <ehatch@sjgh.org>
> Subject: RE: Request for documents.
> To: rehansheikh@yahoo.com, "Ramiro Zuniga [SJGH]" <rzuniga@sjgh.org>
> Cc: "Jerry Royer [SJGH]" <jroyer@sjgh.org>, "Sheela Kapre [SJGH]" <skapre@sjgh.org>
> Date: Monday, May 11, 2009, 8:42 AM
>
> Dr. Sheikh,
> With your authorization and request for residency records, we can copy your residency file for your time here at SJGH. There will be a copying charge, which I will provide to you when I can obtain an estimate of the cost once I determine the number of pages to be copied. The request for documents included a request for a copy of the HR record. To obtain that information, you will need to contact Pat Wright at pwright@sjgh.org. She will need your written request for this information and will inform you of any other requirement.
>
> On another note, Dr. Zuniga indicated that you have a check in the amount of around $2,000.00 waiting to be picked up by you. It is a refund on health insurance payments. Alice has it in the family medicine office.
>
> Elaine Hatch
> SJGH

| | |
|---|---|
| Subject: | RE: FW: Request for documents. |
| From: | Elaine Hatch [SJGH] (ehatch@sjgh.org) |
| To: | rehansheikh@yahoo.com; |
| Cc: | jroyer@sjgh.org; rzuniga@sjgh.org; atracy@sjgh.org; aeshoo@sjgov.org; pwright@sjgh.org; |
| Date: | Monday, July 20, 2009 8:35 AM |

July 17, 2009

Dr. Farzana Sheikh,

I am sending this email to your husband's email account as I do not have a current one for you. It is my understanding that your husband was asking for the check from the Human Resources Dept downtown. This is to inform you that the check from the County you are seeking is in my possession. It was originally sent to your trailer, but was not delivered because your postal address changed.

The check is available in Administration for you to pick up. Please advise me as to when is the most convenient time for you to pick this up. I have been instructed that I am only able to release this check to you.

I would like to have an opportunity to speak to you on other issues. Please call me at 209-468-6600.

Elaine Hatch
Deputy Director/MSS
San Joaquin General Hospital